UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARVEZ ABDUSATTOROV,<br><br>                           Petitioner,<br><br>v.<br><br>CURRENT OR ACTING FIELD OFFICE DIRECTOR, SAN DIEGO OFFICE, UNITED STATES ICE, et al.,<br><br>                          Respondents. | Case No.:  24cv1601 BEN (KSC)<br><br>**ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS [ECF No. 2], DENYING MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE [ECF No. 3] AND DISMISSING CASE WITHOUT PREJUDICE** |

    Petitioner, a detainee in the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  Petitioner has also filed a motion for leave to proceed in forma pauperis and a motion to appoint counsel. (ECF Nos. 2-3.)

    For the reasons discussed below, the Court denies the motion for leave to proceed in forma pauperis, denies the motion to appoint counsel without prejudice and dismisses the case without prejudice for failure to satisfy the filing fee requirement.

///

///

///

1

## MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Petitioner has filed a motion for leave to proceed in forma pauperis. (ECF No. 2.) The prison certificate and statement of recent account activity accompanying Petitioner's request to proceed in forma pauperis reflects a $230.09 balance in Petitioner's detainee trust account. (*Id.* at 4, 6.) The filing fee associated with this type of action is $5.00. *See* U.S.C. § 1914(a). Because it appears Petitioner can pay the requisite filing fee, the Court **DENIES** Petitioner's request for leave to proceed in forma pauperis [ECF No. 2].

Given Petitioner's failure to satisfy the filing fee requirement by either qualifying to proceed in forma pauperis or by paying the $5.00 filing fee, the Court cannot proceed and must **DISMISS** the case without prejudice at this time.

## REQUEST FOR APPOINTMENT OF COUNSEL

Petitioner has also filed a motion to appoint counsel to represent him in his federal habeas corpus proceeding. (ECF No. 3.) While district courts are provided with statutory authority to appoint counsel in a federal habeas case when a petitioner is financially eligible and "the court determines that the interests of justice so require" pursuant to 18 U.S.C. §3006A(a)(2)(b), the Ninth Circuit has held that "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citations omitted).

Petitioner has failed to qualify to proceed in forma pauperis in the instant action. Nor has Petitioner shown that the circumstances of this case are such that appointed counsel is necessary or warranted at this time, particularly given the case is currently subject to dismissal. As such, the Court **DENIES** the motion to appoint counsel without prejudice to renewing this request at a later time.

## CONCLUSION AND ORDER

For the reasons discussed above, the Court **DENIES** Petitioner's motion for leave to proceed in forma pauperis [ECF No. 2], **DENIES** Petitioner's motion to appoint counsel [ECF No. 3] without prejudice and **DISMISSES** the case without prejudice for failure to

satisfy the filing fee requirement.  To have this case re-opened, Petitioner must submit, **no later than November 12, 2024**, a copy of this Order with the $5.00 filing fee or with adequate proof of his inability to pay the filing fee.

**IT IS SO ORDERED.**

Dated: _9/10/24

_____
Honorable Roger T. Benitez
United States District Judge